MAURICE FITZGERALD, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Evidence: DYING DECLARATIONS. Dying declarations, to be admissible in evidence, must be made under a sense of impending death. But it is unnecessary that the deceased should have stated at the time of making the same that he was about to die. It is sufficient if this state of mind appears from other testimony.

ERROR to the district court for Cass county. Tried below before POUND, J.

39

*Sam M. Chapman, Willet Pottinger* and *T. M. Marquett*, for the plaintiff in error.

No brief on file.

*C. J. Dilworth,* Attorney General, for the state, cited 1 Greenleaf on Evidence, 158. *State v. Wilson,* 24 Kan., 189.   Hill's case, 2 Gratt., 607.   *Dunn v. State,* 3 Pike, 229:   *Moore v. State,* 12 Ala., 764.   *Starkey v. People,* 17 Ill., 17.   *Brookfield v. State,* 1 Sneed, 215.   *Robbins v. State,* 8 O. S., 138, 163.   *Kilpatrick v. Comm.,* 7 Casey, 199.   *Young v. Comm.,* 6 Bush, Ky., 313.

MAXWELL, CH. J.

The plaintiff was indicted for the murder of Daniel McNeill, and convicted of manslaughter, and sentenced to imprisonment in the penitentiary for ten years.  He now prosecutes a writ of error to this court.   A large number of errors are assigned, but one of which will be considered.

Objection is made to the admission of the dying declaration of Daniel McNeill as evidence, upon the ground that it does not appear that he had given up all hope of living at the time he made the same.   From necessity, the dying declaration of a deceased person is admissible in evidence where the death of the deceased is the subject of the charge, and the circumstances of the death are the subject of the dying declaration. The rule is based on the presumption that in a majority of cases there will be no other equal or as satisfactory proof of the same facts.   And in many cases it would be impossible otherwise to fix the actual commission of the crime.   But the fact that it is hearsay evidence; that there is no opportunity for cross-examination by the parties against whom it is offered,

that it may have been made under a feeling of injury or resentment and a desire to place the worst possible construction upon the conduct of the accused, and that he has no opportunity to ask questions tending to extenuate his conduct, render it necessary that such declaration should be received only in cases where a sufficient foundation has been laid.  As a condition precedent to the admission of such declaration therefore, it must be made to appear to the court that it was made under a sense of *impending death*.  But the deceased need not state at the time of making the same that in his opinion he was about to die.  Nor does the time which elapses between the time the declaration was made and the death of the declarant become material, provided that at the time the declaration was made he believed he was about to die. The test seems to be, was the declaration made under a sense of *impending death?*  If so the declaration is admissible   the solemnity of the occasion being considered by the law as creating an obligation equal to that imposed by an oath in court.  In the case at bar the fatal wound was given on the eighteenth of December, 1878, and death occurred on the first of January, 1879, and the dying declaration was made on the nineteenth of December, 1878.   Dr. Root testified that on the day of the shooting he was called to examine McNeill and found him in a prostrate condition and entirely pulseless, so far as he could perceive.   John McNeill testified that about two hours before the declaration was made the deceased asked for a drink of water, when he told him he better not drink too much cold water.  The deceased then said " he could not live but a little while, and he wanted one good drink." Thomas McNeill testified to the same facts.  Allen McNeill testified that about ten o'clock on the night after the shooting occurred, the deceased stated to him and

also to his mother "he could not live but a little longer." It appears that afterwards and on the day preceding his death, the deceased expressed a hope that he might recover. The testimony shows that the wound was regarded from the first as being mortal, and that the deceased at the time the declaration was made regarded it as such. We think sufficient proof was offered to show that the declaration was made under a sense of impending death. It is not necessary that the deceased should have declared such to be the case at the time he made the declaration, but that fact may be proved by circumstances as in other cases. There is a substantial agreement between the dying declaration of McNeill and the testimony of the plaintiff. And in our opinion the proof would have warranted the jury in returning a verdict of murder in the second degree. It is unnecessary to consider the other errors assigned, even if they were well sustained; they are not of a character to justify the reversal of the judgment. As there is no substantial error in the record, the judgment is affirmed.

JUDGMENT AFFIRMED.